```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                        :
                                        :
EDUARDO BAEZ                            :
                                        :
v.                                      :   CRIM. NO. 3:97CR48 (AHN)
                                        :
UNITED STATES                           :
                                        :
                                        :
                                        :
```

CORRECTED[1] RECOMMENDED RULING ON DEFENDANT'S
MOTION FOR CLARIFICATION OF JUDGMENT **[Doc.##1453, 1468]**
AND MOTION FOR RETURN OF MONEY **[Doc. #1485]**

    Pending are defendant's Motions for Clarification of Judgment and Return of Money.

    On May 8, 1999, while awaiting sentencing and while released on bond, defendant Eduardo Baez was taken into custody by the United States Marshal.  At the time of his arrest, a search of Baez and the vehicle he was driving revealed a firearm, ammunition, approximately $15,989 in cash, false identification documents depicting Baez's photograph, fictitious passports, birth certificates, and social security forms as well as literature on methods of how to "assume a new identity" and a pamphlet entitled "fast tract to a new life."  The defendant was sentenced on May 14, 1999, and judgment entered on May 18, 1999. Baez was committed to the custody of the United States Bureau of Prisons ("BOP") for a period of 228 months, followed by a three year term of supervised release, and he was ordered to pay a $100 special assessment and a $20,000 criminal fine.

---

[1] This ruling is corrected to add the word "not" on page 5, line 3 of paragraph one that was omitted in error.

Baez is a participant in the BOP's Inmate Financial Responsibility Program ("IFRP"), through which he has paid his special assessment in full as of September 5, 2000.[2] Baez has also paid a total of $1,970.04 toward satisfaction of his fine with a remaining principal balance of $18,029.96. Interest in the amount of $6,417.20 has accrued on his fine as of March 9, 2006, and is continuing to accrue in the amount of $2.41 per day. See 18 U.S.C. §3612(f). Accordingly, the total amount of Baez's criminal fine debt, as of March 9, 2006, is $24,447.16.

On June 26, 2003, and June 30, 2004, Baez filed motions requesting clarification of the judgment. Baez argues that his criminal fine is not payable until he commences his term of supervision. Alternatively, he appears to contend that the BOP is collecting in excess of the schedule of fine payments he claims is called for by the Court's Judgment.

On April 12, 2005, Baez filed a motion requesting the return of funds (the $15,989) currently held by the United States Marshal. Baez contends that, since his criminal fine is not yet due and owing, the funds being held by the United States Marshal should be returned to him. For the reasons that follow, defendant's Motions for Clarification, **[Doc. #1453, 1468]**, are

---

[2] Baez states in his initial motion for clarification [Doc. #1453 at 2], that he is being "compelled to participate in the IFRP." The Government correctly points out the IFRP is a voluntary program, albeit with certain adverse consequences should an inmate choose not to participate. See 28 C.F.R. §§545.10 and 545.11(d) ("effects of non-participation").

**GRANTED.**  The Judgment is clarified below.  Defendant's Motion for Return of Property **[Doc. #1485]** is **DENIED.**

1.  <u>Payment of the Criminal Fine</u>

The Judgment entered on May 19, 1999, called for the payment of a special assessment "in full immediately" and the fine principal in monthly installments of $100.  No commencement date was specified.  <u>See</u> Doc. #1251, "Judgment in a Criminal Case" at 6.  The preprinted portion of the Judgment states, "[u]nless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of the criminal monetary penalties shall be due during the period of imprisonment."  <u>Id.</u>; <u>see</u> 18 U.S.C. §3572(d)("A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment <u>immediately</u>, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule." (emphasis added)).

Among the "Conditions of Supervised Release" imposed by Judge Nevas and specified on page 4 of the Judgment is Number 3, which reads as follows:

> Upon release from imprisonment the defendant shall pay towards <u>the balance of the fine</u> as ordered above, at the rate of $100 per month, or as otherwise instructed by the Court ...

[Doc. #1252 at 4 (emphasis added)].  This language clearly

contemplates that payments are being made during incarceration. Baez's reliance on the docket entry summarizing the Judgment is misplaced.[3]  The controlling document is the original Judgment in a Criminal Case, signed by the judge presiding over the case. [Doc. #1251].

Finally, Baez claims that the Bureau of Prisons is "compelling Baez to make monthly payment amounting to 50% of wages earned in the prison employment programs." [Doc. #1453 at 2]. Although his payments are currently below the $100 per month ordered by the Court, Baez speculates that "the rate of fine payments will exceed the $100 per month rate."  Id.

The Program Statement, P5380.08, dated August 15, 2005, and found on the Bureau of Prisons' website, lays out the rules for the Inmate Financial Responsibility Program, effective January 27, 2000.  The final paragraph of Section 8a of that document states:

---

[3]Criminal docket entry #1251 includes the following:

> JUDGMENT as to Eduardo Baez (34) count(s) 2s. 228 months imprisonment on Count 2 of the third superceding indictment....  Defendant is remanded to the custody of the United States Marshal.  Upon release from imprisonment, defendant shall be on supervised release for a term of 3 years.... Conditions of Supervised Release ... (3) Upon release from imprisonment defendant shall pay a $20,000.00 fine in full immediately or in monthly installments of $100.00 or as otherwise instructed by the Court following a recommendation from the United States Probation Office toward the balance of the fine as ordered above.  A special assessment of $100.00 will be imposed to be paid in full immediately.

4

> Absent direction from the court concerning when an obligation should be collected, payments may begin during an inmate's period of incarceration.... Additionally, if the J & C has a specific payment plan outlined, payments are to be collected according to the direction provided in the order.

This language suggests that Mr. Baez' fears that the BOP will collect funds in excess of $100 per month may not be realized. In any event, the Court need not express an opinion on whether such a decision would contravene the Judgment, as that opinion would be premature. Similarly, in light of Mr. Baez' representations that his BOP earnings might rise to a level at which he would be paying more than $100 a month, the government has requested that, "to the extent the Court determines the defendant is able to pay more than $100 per month toward the balance of his fine, then the Court should fashion an adjusted payment schedule drawing on the IFRP guidelines found in 28 C.F.R. §545.11." However, there is no evidence before the Court regarding Baez' ability to pay in excess of $100 per month, now or in the future, except for the money being held by the U.S. Marshal (see below). Accordingly, the government's request is denied without prejudice to consideration of defendant's ability to pay more in the future, based upon submission of further evidence.

2. <u>Release of funds held by the United States Marshal</u>

A statutory lien on the funds held by the United States Marshal was created in favor of the Government when sentence was imposed. <u>See</u> 18 U.S.C. §3613(c). Upon approval by this Court of

the Writ of Execution pursuant to 28 U.S.C. §3203 [Doc #1541], the United States Marshal will be ordered to turn over the funds to the Clerk of the Court, for application to Baez's outstanding criminal fine debt.

Accordingly, defendant's Motions for Clarification **[Doc. #1453, 1468]**, are **GRANTED**. The Court intends that the fine be collected during the defendant's period of incarceration, and the balance paid in accordance with the Schedule established as a term of supervised release. The Judgment is clarified in accordance with this ruling. Defendant's Motion for Return of Property **[Doc. #1485]** is **DENIED**.

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at Bridgeport this 5th day of April 2006.

                                                       /s/
                                      HOLLY B. FITZSIMMONS
                                      UNITED STATES MAGISTRATE JUDGE