EDUARDO BAEZ,                    :
        Petitioner,
                                        Crim. No. 03:97cr48 (AHN)
v.                              :       Civ. No. 03:02cv68 (AHN)


UNITED STATES OF AMERICA,        :
        Respondent.

## RULING ON REQUEST FOR RELIEF AND CORRECTION IN FINE CALCULATION

Petitioner Eduardo Baez ("Baez") has filed a request for
relief and correction in fine calculation [doc. # 1588], in which
he seeks a reduction in the amount of interest that he owes on
the fine this court imposed on him pursuant to 18 U.S.C. § 3572
in conjunction with his sentence in United States v. Bernard,
03:97cr48(AHN).  The government objects to Baez's motion on the
grounds that only the government is allowed by statute to modify
a petitioner's fine post-sentencing.  For the reasons that
follow, Baez's motion is granted in part and denied in part.

## FACTS AND PROCEDURAL HISTORY

On May 8, 1999, while awaiting sentencing and while released
on bond,[1] defendant Eduardo Baez was taken into custody by the
United States Marshal for attempting to flee the jurisdiction of
the court.  At the time of his arrest, a search of Baez and the
vehicle he was driving revealed a firearm, ammunition,
approximately $15,989 in cash, false identification documents
containing Baez's photograph, fictitious passports, birth

_____

[1] Baez pleaded guilty to count two of the indictment,
conspiracy to commit racketeering.

certificates, and social security forms as well as literature on methods of how to "assume a new identity" and a pamphlet entitled "Fast Track to a New Life."  The defendant was sentenced on May 14, 1999, and judgment entered on May 18, 1999.

Baez was committed to the custody of the United States Bureau of Prisons ("BOP") for a period of 228 months, followed by a three-year term of supervised release.  He was also ordered to pay a $100 special assessment and a $20,000 criminal fine.  He filed a notice of appeal of his sentence to the Second Circuit on May 21, 1999.  On February 5, 2001 the Second Circuit issued a mandate affirming Baez's sentence and conviction.

On December 31, 2001, Baez mailed several motions to the district court and served copies of these motions on the government.  One of the motions pertained to the $15,989 that had been seized by the United States Marshal at the time of his arrest.  Specifically, he moved for the money to be returned to him or applied toward his criminal fine.  However, for some unknown reason, that motion was not docketed by the Clerk of the Court.  Nonetheless, as the government has acknowledged on two separate occasions, it received a copy of the motion.  The government did not file an objection to the motion.[2]

---

[2] The court received a copy of the motion from the government on January 4, 2007.  In the remainder of this ruling, the court shall refer to Baez's first motion for return of property as his "2001 motion" and the current motion as his "2006 motion."

2

Thereafter, on May 6, 2002, Baez's attorney filed a motion for return of property. Baez claims that he did not receive a copy of the motion, and sought clarification from the clerk's office as to its contents. The motion only sought the return of Baez's passport. It did not mention the confiscated funds. The court granted the motion on June 4, 2002.

On April 12, 2005, Baez filed yet another motion regarding his money, namely a motion for return of property [doc. # 1485]. In that motion he mentioned his prior attempts to ascertain the status of his confiscated funds and sought only that the funds be returned to him, rather than be applied toward his fine. On March 3, 2006, the court ordered the government to respond to Baez's motion for return of property.

In its response, the government maintained that the confiscated funds should be applied to Baez's fine and advised that it had previously filed a lien against the funds to establish its priority. After it responded to Baez's motion, the government applied for a writ of execution and an order directing the United States Marshal to deposit the funds with the Clerk of the Court in partial satisfaction of Baez's fine.

The court referred Baez's motion to the magistrate judge who, in her recommended ruling, denied Baez's request to return the confiscated funds to him because of the government's statutory lien against the funds. The court granted the

government's application for a writ of execution against the funds on April 27, 2006.

Baez is still incarcerated and is participating in the BOP's Inmate Financial Responsibility Program ("IFRP"). In connection with that program, he paid his special assessment in full by September 5, 2000, and has also paid a total of $1,970.04 toward his fine. After the government applied the confiscated funds to his fine on April 27, 2006, Baez still owed approximately $9,091.37 in principal and interest. Interest continues to accrue on the unpaid balance.

## DISCUSSION

Baez now moves pursuant to 18 U.S.C. § 3572(d) to recalculate his fine by eliminating the interest on the $15,989 that accrued from the date of judgment, May 18, 1999, to the date the government received the funds from the United States Marshal. In support of his motion, he asserts a change in his economic circumstances and also that he should not be penalized for the government's failure to act promptly to collect his confiscated funds and apply them to his fine. He maintains that the government's failure to collect the funds constitutes a breach of fiduciary duty that warrants the relief he seeks.

The government counters that it has no fiduciary duty to

apply a defendant's confiscated funds toward his fine,[3] and that

Baez should have petitioned the court to return his money or

apply it towards his fine.  The government also maintains that

Baez has no right under 18 U.S.C. § 3572(d) to seek a reduction

or remittance of interest on his fine.[4]  According to the

government, Congress only allows it to petition for a post-

sentence reduction of interest on a criminal fine.  <u>See</u> 18 U.S.C.

§ 3573.

---

[3] For the reasons set forth below, the court need not
address these claims.  Nonetheless, the court notes that although
the Attorney General has the duty to collect Baez's fine pursuant
to 18 U.S.C. § 3612(c) and the United States Marshal has the duty
to keep Baez's funds safe while in its custody, no party, not
even victims of a crime, can initiate an action to have fines or
restitution collected.  <u>See</u> 18 U.S.C. § 3612(c).

While the court agrees that there is no evidence or case law
to support Baez's argument that the government owed him a
fiduciary duty to remove his funds from the custody of the
marshal and apply them toward his criminal fine, Baez's 2001
motion, if the Clerk had docketed it, would have prompted such a
result.  As stated above, based on the government's response to
Baez's properly filed motion for return of property in 2005, the
government should have sought a writ of execution in January 2002
and should have applied the funds toward the fine at that time.
This provides another reason for ordering the writ of execution
filed <u>nunc</u> <u>pro</u> <u>tunc</u> to January 31, 2002, as explained below.

[4] The government incorrectly states that Baez filed a second
motion for return of property while his first motion was still
pending and that the court's March 2006 scheduling order
"clarified the docket."  In fact, the court granted Baez's first
motion (not counting his 2001 motion that was never docketed) one
month later, on June 4, 2002, and had to order the government to
respond to his 2005 motion when it did not voluntarily do so for
over three months.

I.  Characterization of Relief Sought

    The government is correct that under 18 U.S.C. § 3573,[5] it

alone may petition for a reduction in interest on a criminal

fine.  United States v. Rojas, 2000 WL 1028681, *3 (S.D.N.Y. July

26, 2000) (stating that it is well-settled that the government,

not the defendant, may seek a post-sentencing reduction in the

amount of a fine); United States v. Schilling, 808 F. Supp. 1214,

1219 (E.D. Pa. 1992) (holding that the United States Probation

Office is not "the government" for purposes of § 3573, and

therefore it may not file a petition seeking to have a

defendant's fine reduced).

    Thus, Baez's reliance on 18 U.S.C. § 3572(d)(3) is

misplaced.  This statute merely provides that:

_____

    [5] 18 U.S.C. § 3573 states in pertinent part:

    Upon petition of the Government showing that reasonable
    efforts to collect a fine or assessment are not likely
    to be effective, the court may, in the interest of
    justice--
    (1) remit all or part of the unpaid portion of the fine
    or special assessment, including interest and
    penalties;
    (2) defer payment of the fine or special assessment to
    a date certain or pursuant to an installment schedule;
    or
    (3) extend a date certain or an installment schedule
    previously ordered.

    Previous language in § 3573 allowed the defendant to
petition the court for the remission of a fine, including
interest and penalties thereon.  That language was replaced when
the Criminal Fine Improvements Act went into effect on December
11, 1987.  See Pub. L. No. 100-185, § 8(b), 101 Stat. 1282
(1987).

> A judgment for a fine which permits payments in
> installments shall include a requirement that the
> defendant will notify the court of any material change
> in the defendant's economic circumstances that might
> affect the defendant's ability to pay the fine. Upon
> the receipt of such notice the court may, on its own
> motion or the motion of any party, adjust the payment
> schedule, or require payment in full, as the interests
> of justice require.

18 U.S.C. § 3572(d)(3). Because Baez has not made the required showing of a change in his economic circumstances that might affect his ability to pay his fine, he is not entitled to relief under § 3572(d)(3). See United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003) (holding that a defendant was not entitled to relief under 18 U.S.C. § 3573(d)(3) from interest on his criminal fine without a showing of a change in his financial circumstances). Moreover, as the court in Goode noted, this court was bound to impose interest under 18 U.S.C. § 3612(f)(1) because Baez's fine exceeded $2,500, it was not paid within fifteen days of the entry of the judgment, and the court did not make a determination at the time of Baez's sentencing that he was unable to pay the fine or the interest. Further, Baez's Judgment and Commitment Order provides that his fine was due and payable immediately. The fact that Baez is paying his fine in increments through the IFRP does not change the judgment. Thus, because there is no installment schedule in place for the court to modify, § 3572(d)(3) does not apply. United States v. Kercado, 2002 WL 1364027, *1 (S.D.N.Y. June 24, 2002).

Nonetheless, while Baez mistakenly moved under § 3572(d)(3), the substance of his 2006 pro se motion, as well as his 2001 pro se motion, will be liberally construed as seeking equitable relief pursuant to Fed. R. Crim. P. 41(g)[6] – i.e., to have the money that was confiscated from him when he was arrested either be applied to his fine nunc pro tunc to the date of judgment or returned to him. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that courts will construe pro se motions liberally and interpret them to raise the strongest arguments they suggest); Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)(same). Accordingly, Baez's motions are construed as seeking the return of property pursuant to Rule 41(g). There is no jurisdictional or procedural impediment to doing so in light of the fact that (1) Baez moved after all criminal proceedings against him were concluded, see Mora v. United States, 955 F.2d 156, 158 (2d Cir. 1992); (2) this court has ancillary jurisdiction because it is the same court that handled his

---

[6] Rule 41(g) states:

> A person aggrieved by . . . the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

8

original criminal case, see id.; and (3) it is timely as it was brought within the applicable six-year statute of limitations set forth in 28 U.S.C. § 2401(a). See Sanchez-Butriago v. United States, 2003 WL 21649431, *3 (S.D.N.Y. July 14, 2003). Moreover, Baez's request in his 2001 motion that the confiscated funds be applied to his fine, rather than have them returned to him as it states in the rule, is not unique. See United States v. Pinson, 88 Fed. Appx. 939, 940 (7th Cir. 2004) (granting the government's and defendant's cross-motions for return of money seized at the time of arrest by crediting it to the balance of the defendant's fine). Further, the relief Baez seeks under Rule 41(g) is appropriate and consistent with the relief the government seeks.

Although the government's assertion that Baez should have moved for a return of property under Rule 41(g) is now moot, the court notes that this argument overlooks the fact that he did submit such a motion on December 31, 2001, and that the government received, but ignored, it and that the Clerk's Office apparently received it, but failed to docket it. Because the Clerk's failure to docket Baez's 2001 motion is considered to be a clerical error within the purview of Fed. R. Crim. P. 36 and Fed. R. Civ. P. 60(a), Baez should not, and will not be penalized

for it.[7]  See United States v. Morales, 108 F.3d 1213, 1224-25

(10th Cir. 1997) (holding that the district court should not have

found the defendant's motions for new trial and for judgment of

acquittal untimely where, because of a clerical error, the

district court was not aware that he had filed a motion for

extension of time to file those motions); Pattiz v. Schwartz, 386

F.2d 300, 302-03 (8th Cir. 1968) (holding that where the district

judge's chambers received a copy of the plaintiff's amended

complaint but the clerk's office did not docket it, a clerical

mistake had been made and the amended complaint was docketed nunc

pro tunc to the date the court received the document).

Baez's 2001 motion suffered a similar fate to that of the

pleadings in Morales and Pattiz, in that both the United States

Attorney's Office and the Clerk's Office received his motion, but

the Clerk's Office did not docket it,[8] and the United States

---

[7] According to Fed. R. Crim. P. 36, after the court gives
"any notice it considers appropriate, the court may at any time
correct a clerical error in a judgment, order, or other part of
the record, or correct an error in the record arising from
oversight or omission."  Fed. R. Crim. P. 36; see Fed. R. Civ. P.
60(a)(similar provision).  This type of error may be corrected by
the court at any time.  Blue Cross & Blue Shield Ass'n v.
American Express Co., 467 F.3d 634, 636 (7th Cir. 2006).

[8] The government does not dispute that the motion was
submitted to the court for filing.  It states only that the
motion "was never docketed by the court" in its most recent
response, and in its past response to another motion it stated,
"Defendant Baez's Motion Requesting Disposition of Confiscated
Funds, dated December 31, 2001, does not appear to have been
docketed by the Clerk.  The government believes that the motion
was part of a larger submission to the Court on that same date."

Attorney's office did not file a response to it.  This is significant because if the Clerk had docketed Baez's 2001 motion, or if the government had filed a response to it, it is likely that his funds would have been applied to his fine at that time, and thus approximately $4,658.53 in interest would not have accrued.[9]  Accordingly, in light of these circumstances, and consistent with the relief afforded by the Tenth and Eighth Circuits in <u>Morales</u> and <u>Pattiz</u>, the court finds that equity requires the court to deem Baez's 2001 motion for Rule 41(g) relief to have been filed on January 10, 2002 and orders that it be docketed <u>nunc</u> <u>pro</u> <u>tunc</u> to that date.[10]

## II.  Calculation of Interest

According to 18 U.S.C. § 3612(f)(1), interest begins to accrue on a criminal fine beginning on the fifteenth day after judgment is entered.  Judgment entered in this case on May 18, 1999, and therefore interest began to accrue on June 2, 1999.[11]

---

[9] The interest calculation is based the government's representation in its application for writ of execution that interest was accruing at $2.41 a day on Baez's principal balance before applying the $15,989, with 1,933 days between January 10, 2002 and April 27, 2006, the date that the writ of execution issued.

[10] The other documents that Baez filed with the court along with his motion requesting disposition of funds on December 31, 2001 were docketed on January 10, 2002.

[11] The Government asserts that interest began to accrue on June 1, 1999.  Fifteen days <u>after</u> the date of judgment would be June 2, 1999, and that date is the first day that interest on the fine began to accrue.

Baez appealed his sentence on May 21, 1999, shortly after his sentencing.  At that time, he did not seek to have his fine stayed until resolution of the appeal.  On February 5, 2001, the Second Circuit affirmed Baez's sentence.  The terms of his sentence are therefore treated as though they were in full effect during his appeal.  <u>See</u> Fed. R. Crim. P. 38(c); Fed. R. App. P. 8(a)(1).

Thus, interest accrued on the full amount of Baez's fine from June 2, 1999, until January 31, 2002, the date by which the government was required to respond to Baez's 2001 motion for relief under Rule 41(g).[12]  Baez is therefore responsible for the interest that accrued on the confiscated funds during that time period.  However, Baez should only be required to pay interest on the balance that was due and owing on January 31, 2002, the date he received credit for the $15,989 payment.  In other words, the amount of his fine that was subject to interest on January 31, 2002 is $4,011.  Naturally, that balance and any interest due on it shall be reduced by the installment payments he has made, and continues to make through the Bureau of Prison's IFRP, and interest will continue to accrue on the outstanding balance until

---

[12] <u>See</u> D. Conn. Civ. R. 7(a); D. Conn. Crim. R. 1(c).

his fine is paid in full.[13]

CONCLUSION

For the foregoing reasons, the court hereby directs the clerk to correct the docket pursuant to Rule 36, to reflect the filing of Baez's motion entitled "Motion Requesting Disposition of Confiscated Funds" nunc pro tunc to January 10, 2002. As so docketed, that motion is GRANTED in part and DENIED in part. Insofar as Baez seeks to have the confiscated funds remitted to the Clerk of the Court in partial satisfaction of his criminal fine, the motion is GRANTED nunc pro tunc to January 31, 2002. Interest shall accrue on the outstanding balance of the fine after that date, taking into account the funds Baez has paid into the IFRP. Insofar that motion seeks the return of the confiscated funds to Baez, the motion is DENIED. This comports with Judge Fitzsimmons' recommended ruling [doc. # 1544] on March

---

[13] Baez asserts that the government should have applied the confiscated funds to his fine once its statutory lien on the funds was perfected, which is incorrect. The lien on Baez's confiscated funds arose in the government's favor upon the entry of judgment, pursuant to 18 U.S.C. § 3613(c) - in this case, on May 18, 1999. According to 18 U.S.C. § 3613(d), the government could not turn over funds to the Clerk of Court in satisfaction of the fine without filing a Notice of Lien, which was filed on July 27, 1999 with the Town Clerk for the City of New Haven.

The funds could have been released to the government and applied towards his fine at the time Baez attempted to file his 2001 motion, when the government ostensibly would have followed the same procedure to obtain the funds as it did in response to Baez's 2005 motion. Accordingly, the court also finds the government's writ of execution to be granted nunc pro tunc to January 31, 2002.

24, 2006, in which she denied Baez's request to have the funds returned to him, and instead granted the government's request to have the funds applied toward the balance of his criminal fine.

Baez's request for relief and correction in fine calculation [doc. # 1588] is DENIED insofar as Baez seeks to reduce the amount of interest he owes on the fine pursuant to 18 U.S.C. § 3572(d)(3). Insofar as Baez seeks to apply the funds that were confiscated at the time of his arrest to his criminal fine, the motion is denied as moot because the court has already granted that relief nunc pro tunc to January 31, 2002. The government is ordered to provide an updated calculation of Baez's fine and interest thereon in accordance with this ruling.

SO ORDERED this _22nd__ day of February 2007, at Bridgeport, Connecticut.

_____/s/_____
Alan H. Nevas
United States District Judge